IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>    Plaintiff,<br><br>  v.<br><br>LIGHTHOUSE WORLDWIDE SOLUTIONS, INC., *et al*.,<br><br>    Defendants._____/ | No. C 09-00968 MEJ<br><br>**ORDER RE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** [Dkt. #10] |

Pending before the Court is Defendant Lighthouse Worldwide Solutions, Inc.'s "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted; or, in the Alternative, For a More Definite Statement." (Dkt. #10.) Plaintiff Aleksandr L. Yufa has filed an Opposition (Dkt. #15), and a Declaration in Support of Opposition (Dkt. #16). Defendant elected not to file a Reply. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for a More Definite Statement, and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss for Failure to State a Claim.

## I.  BACKGROUND

Plaintiff initiated this action by filing a Complaint for Patent Infringement on March 5, 2009. (Dkt. #1.) On April 22, 2009, Defendant filed the instant Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

1  Because the Court finds Defendant's challenge pursuant to 12(e) dispositive, the Court turns to that
2  argument first.

## II.  DISCUSSION

### A.  Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

In ruling on a Rule 12(e) motion, the Court considers it in light of the liberal pleading standard set forth in Rule 8. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Particularly, a 12(e) motion is appropriate only where the complaint is so indefinite that the movant cannot ascertain the nature of the claim being asserted, and, as a result, cannot craft a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). Thus, the motion fails when the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *See San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996). Likewise, if the detail the movant seeks through the 12(e) motion is obtainable through discovery, the court should deny the motion. *See Berry v. Hitachi Home Elecs.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

### B.  Analysis

In its Motion, Defendant argues that Plaintiff's Complaint fails to set forth clear, intelligible allegations, and fails to adhere to the pleading requirements set forth in Federal Rules of Civil Procedure 8[1] and 10. Specifically, Defendant argues that Plaintiff has not set forth his allegations in separate, numbered paragraphs in accordance with Rule 10(b).[2] Additionally, Defendant argues that Plaintiff's allegations are jumbled within the paragraphs and contain asides such as statements that begin with "P.S.," and include vague allegations that are incapable of a direct response. Defendant

---

[1] Federal Rule of Civil Procedure 8(a)(2) provides that: "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

[2] Rule 10(b) states in pertinent part:
**Paragraphs; Separate Statements.**  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

United States District Court
For the Northern District of California

2

1 therefore urges the Court to grant its motion for a more definite statement and require Plaintiff to
2 cure the deficiencies in his Complaint so that Defendant can respond to the Complaint.

3 In his Opposition, Plaintiff does not directly address Defendant's arguments relating to its
4 Motion for More Definite Statement. However, in his Declaration, Plaintiff opposes Defendant's
5 12(e) Motion. (*See* Yufa Decl. at 5-8.) He argues that, contrary to Defendant's assertions, he has
6 numbered the paragraphs of in his Complaint, and has sufficiently identified the patent claims he is
7 asserting Defendant infringed on with its products. (*Id.*) Plaintiff therefore urges the Court to deny
8 Defendant's Motion for a More Definite Statement. (*Id.* at 8-9.)

9 After carefully considering the parties' arguments and thoroughly reviewing Plaintiff's
10 Complaint, the Court agrees with Defendant that the Complaint is deficient in several respects that
11 prevent Defendant from being able to draft a proper response. Particularly, while Plaintiff has set
12 forth nine numbered paragraphs in his Complaint, several of these paragraphs span several pages
13 and contain narratives setting forth multiple allegations which do not appear to be related. For
14 example, Paragraph 4 of Plaintiff's Complaint spans a page and a half and begins with allegations
15 regarding Plaintiff sending Defendant a letter but continues on to identify a list of products that
16 Plaintiff claims Defendant manufactures and/or sells. In order to be able to draft a response to this
17 paragraph, Defendant would be forced to parse apart the paragraph into smaller paragraphs based on
18 the statement that it was admitting or denying. Similarly, Paragraph 6 spans nearly two and a half
19 pages and gives a narrative of the events and facts that Plaintiff believes support his infringement
20 claim. Because the paragraph contains numerous allegations, Defendant is unable to draft a
21 response to paragraph 6 without severing out each statement. Thus, to allow Defendant to respond
22 to *each* of these allegations in these paragraphs, Plaintiff must set the allegation out in a separate,
23 numbered paragraphs in accordance with Rule 10(b) and 8(a)(2).[3]

24 Further, as Defendant notes in its Motion, Plaintiff's Complaint contains several statements
25 that are vague and ambiguous. Specifically, throughout Plaintiff's Complaint there are several

---

27 [3]The Court limits its discussion to these paragraphs to illustrate the pleading standard required
28 by the Federal Rules. However, in amending his Complaint, Plaintiff should examine each of the paragraphs in his Complaint to ensure that each one breaks apart into separate paragraphs the allegations he is asserting in support of his patent infringement claim.

3

statements prefaced by "P.S." Reading these statements, it is unclear whether Plaintiff has included them as allegations in support of his claim, or whether he is merely offering them as additional information or legal argument (neither of which would be proper in a complaint). Thus, to the extent that Plaintiff seeks to assert facts in his "P.S." statements as allegations in support of his claim, Plaintiff needs to set forth these statements in separate, numbered paragraphs just like his other allegations.

Based on the foregoing, the Court will grant Defendant's Motion for More Definite Statement. Pursuant to Rule 12(e), Plaintiff will have **10 days from the date of this Order** to correct the defects identified above and file and serve his First Amended Complaint.

### C. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

Because the Court finds that Defendant's 12(e) Motion to be well-taken, the Court will deny Defendant's 12(b)(6) Motion at this time, without prejudice to Defendant re-asserting any arguments against Plaintiff's anticipated First Amended Complaint.

### III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for More Definite Statement (Dkt. #10), and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss for Failure to State a Claim. **Plaintiff shall file and serve his First Amended Complaint no later than 10 days of the filing date of this Order.**

**IT IS SO ORDERED.**

Dated:  June 16, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

4