UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>    Plaintiff,<br><br>    v.<br><br>LIGHTHOUSE WORLDWIDE SOLUTIONS INC.,<br><br>    Defendant. | Case No. 09-cv-00968-MEJ<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 132 |

## INTRODUCTION

In this patent infringement case, Plaintiff Aleksander L. Yufa alleges that Defendant Lighthouse Worldwide Solutions, Inc. infringed upon his patent for particle detectors and reference voltage comparators (the "'983 Patent").[1] Pending before the Court is Defendant's Motion to Stay. Dkt. No. 132. Defendant requests a stay until four of Plaintiff's other cases involving the '983 Patent, which are currently on appeal, are finally adjudicated.[2] *Id.* at 2. It argues that those four cases involve the same legal issue at the heart of its defense in this case: whether a court could find that a particle detector with a reference voltage infringes a patent which specifically disclaims the use of a reference voltage. Defendant maintains that a stay will save the parties and Court time and money, while a refusal to stay will cost Defendant substantial fees and

---

[1] The factual background of this case is set forth in the Court's October 10, 2014 *Order re: Motion to Dismiss*. Dkt. No. 126.

[2] Plaintiff has initiated at least eight other cases alleging infringement of the '983 Patent: (1) *Yufa v. Hach Ultra Analytics, Inc.*, (D. Or.), 1:09-cv-03022 PA, filed: 2009; (2) *Yufa v. Particle Measuring Systems, Inc.*, (N.D. Cal.), 4:09-cv-01388 PJH, filed: 2009; (3) *Yufa v. TSI, Inc.*, (N.D. Cal.), 4:09-cv-01315 KAW, filed: 2009; (4) *Yufa v. Rees Scientific Corp.*, (C.D. Cal.), 2:10-cv-03575 MMM (FMOx), filed: 2010; (5) *Yufa v. TSI, Inc.*, (C.D. Cal.), 8:12-cv-01614 FMO (JCGx), filed: 2012; (6) *Yufa v. USA* (CAFC), 1:08-cv-0670, filed: 2008; (7) *Yufa v. Met. One Instruments, Inc.*, (D. Or.), 1:08-cv-03016 CL, filed: 2008; and (8) *Yufa v. Lockheed Martin Corp.*, (C.D. Cal.), 2:06-cv-03923 BRO (FFMx), filed: 2006.

1   costs to prepare a Motion for Summary Judgment or trial and subsequent appeals. *Id.*

2   Plaintiff opposes the Motion, arguing that the other '983 Patent cases "are absolutely irrelevant to this case based on the fact[ ] that they are for different products of the different particle detectors manufacturers." Opp'n at 5, Dkt. No. 133. The Court finds this matter suitable for disposition without oral argument and VACATES the January 29, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

## LEGAL STANDARD

"A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). In considering whether a stay is appropriate, the Court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 99 U.S. 248, 254-55 (1936))). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

## DISCUSSION

Having reviewed the parties' positions, the Court finds that good causes exists to stay these proceedings. This case was previously stayed for approximately three years, from August 4, 2009 until October 15, 2012, due to the reexamination of the '983 Patent. Dkt. Nos. 42, 78. On December 12, 2012, Plaintiff filed a Second Amended Complaint asserting the claims that remained after reexamination. Dkt. No. 83. The only remaining claim was amended to include the text "without using a reference voltage to convert each of said voltage value signals." Despite Plaintiff's argument that different products are involved in his other cases, the same legal issue in

this case with respect to the scope of the '983 Patent is currently before the Federal Circuit Court of Appeals, based on four district courts separately finding that four different defendant's respective particle detectors did not infringe Plaintiff's patents because the particle detectors had a reference voltage. Kanach Decl., ¶13, Dkt. No. 132-1. These cases are:

(1) *Yufa v. Hach Ultra Analytics, Inc*., (D. Or.), 1:09-cv-03022 PA, filed: 2009;

(2) *Yufa v. TSI, Inc*., (N.D. Cal.), 4:09-cv-01315 KAW, filed: 2009;

(3) *Yufa v. TSI, Inc*., (C.D. Cal.), 8:12-cv-01614 FMO (JCGx), filed: 2012; and

(4) *Yufa v. Lockheed Martin Corp*., (C.D. Cal.), 2:06-cv-03923 BRO (FFMx), filed: 2006.

In the *Lockheed Martin* case, the Federal Circuit affirmed the district court's order granting Lockheed Martin's motion for summary judgment, and Plaintiff has a pending writ of certiorari to the United States Supreme Court. *Id*., Exs. A-C. As the outcome of the Federal Circuit's pending decisions will likely influence the claims in this case, and possibly create an opportunity for settlement or dismissal, both parties may suffer unnecessary hardship or inequity if required to go forward. Further, a stay will not prejudice Plaintiff as no trial has been set in this case and he may continue to pursue the four cases on appeal.

## CONCLUSION

In summary, having considered the factors necessary for a stay and balancing the competing interests which will be affected, the Court concludes it would best serve the interests of the parties and judicial economy to stay this case. Accordingly, Defendant's Motion to Stay these proceedings is GRANTED.

The Clerk of Court shall administratively close the case file. Upon final adjudication and resolution of the four cases on appeal, Plaintiff may file a request that the Court lift the stay in this matter.

**IT IS SO ORDERED.**

Dated: January 9, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>    Plaintiff,<br><br>    v.<br><br>LIGHTHOUSE WORLDWIDE SOLUTIONS INC.,<br><br>    Defendant. | Case No. 09-cv-00968-MEJ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aleksandr L. Yufa
698 Cypress Avenue
Colton, CA 92324


Dated: 1/9/2015


Richard W. Wieking
Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES