UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHTHOUSE WORLDWIDE SOLUTIONS INC.,<br><br>    Defendant. | Case No. 09-cv-00968-TSH<br><br>***SUA SPONTE* ORDER DISMISSING COMPLAINT** |

Plaintiff Alexandr Yufa, proceeding pro se, filed this case on March 5, 2009, alleging Defendant Lighthouse Worldwide Solutions, Inc. infringed upon his patent for particle detectors and reference voltage comparators, Patent No. 6,346,983. The case has been stayed since January 9, 2015 pending resolution of four of Yufa's other cases involving the '983 Patent. ECF No. 136. However, on September 12, 2019, Yufa filed a Notice of Change of Ownership of Patent at Issue, stating that he filed the assignment of the '983 Patent in compliance with Magistrate Judge Kandis Westmore's order in *Yufa v. TSI Incorp.*, C-09-1315, and therefore "doesn't own anymore the patent at issue." ECF No. 137.

A complaint for patent infringement requires that the plaintiff owns the patent. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013). As such, the Court gave notice to Yufa of its intention to dismiss his complaint sua sponte. ECF No. 42. The Court provided Yufa fourteen days to file a memorandum in opposition. *Id.* However, his response fails to assuage the Court's concerns that he cannot state a claim for relief because he does not address his ownership of the patent. Instead, Yufa states he "would like to bring the Court's attention to the Defendant's serious violation of the Court's *Sua Sponte* intention" and appears to request sanctions against Lighthouse. ECF No. 144.

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).").

Here, dismissal is appropriate because Yufa admits he does not own the '983 Patent. The Court therefore **DISMISSES** his complaint. As he no longer owns the patent, leave to amend would be futile. Accordingly, dismissal is **WITHOUT LEAVE TO AMEND**. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) ("The exercise of [the Court's] discretion to dismiss [without leave to amend] requires only that possible and meaningful alternatives be reasonably explored"); *Wong*, 642 F.2d 961-62.

**IT IS SO ORDERED.**

Dated: November 20, 2019

THOMAS S. HIXSON
United States Magistrate Judge